UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:11-CR-191-3 |
| | § | (CIVIL ACTION NO. 2:14-CV-451) |
| LUCIO RAMOS JR | § | |

## ORDER DISMISSING MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY

Lucio Ramos (Ramos) filed a motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255 along with a supporting memorandum. D.E. 152. The Court has reviewed the motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion. . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2014) (2255 Rules). The Court dismisses Ramos' § 2255 motion (D.E. 152) because the claims raised do not entitle him to relief and also denies him a Certificate of Appealability.

### I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### II.  BACKGROUND

Ramos was indicted with two others in February 2011 and charged with three counts of drug trafficking in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 2. Ramos first appeared in federal court in McAllen, Texas in February 2012. He was appointed counsel the same day. Ramos was transferred to the Corpus Christi Division and appointed new counsel. D.E. 54.

Ramos pled guilty to Count One of the Indictment in May 2012 pursuant to a plea agreement. D.E. 57, 58. In exchange for his plea of guilty to Count One (conspiracy) and his

truthful testimony and truthful communications with Probation, the government agreed to recommend maximum credit for acceptance of responsibility, to recommend a within guidelines sentence, and to dismiss the remaining counts of the Indictment. *Id.*, ¶¶ 1, 2. The Court ordered preparation of a Presentence Investigation Report (PSR).

The Probation Department prepared the PSR and calculated Ramos' base offense level of 34 based upon 4234.75 kilograms of marijuana, which was calculated from drug seizures from drivers recruited by Ramos and his co-defendants. D.E. 60, ¶¶ 4-11, 17. After credit for acceptance of responsibility, Ramos' total offense level was 31. *Id.*, ¶¶ 23-26.

Ramos had a prior conviction from the Houston Division for drug trafficking marijuana. He was sentenced to 135 months imprisonment with five years supervised release. He began his supervised release on April 1, 2009. *Id.*, ¶ 29. He had five criminal history points, including two because Ramos was still on supervised release at the time of his arrest for the present offense. *Id.*, ¶¶ 30-32. His criminal history category was III, resulting in a sentencing guideline range of 135 to 168 months with a minimum statutory sentence of 120 months. *Id.*, ¶¶ 32, 46-47.

The Court heard the revocation of Ramos' supervised release in Cause No. 4:02-CR-367-2 as well as sentencing in this case on December 13, 2014. *See* D.E. 145. Ramos testified that he had the PSR for over 35 days and he reviewed it with counsel who answered all his questions. Ramos testified he was satisfied with counsel's performance and advice in both cases. *Id.*, p. 9. There were no objections to the PSR. *Id.*, p. 10. Ramos testified there were no mistakes in the PSR. *Id.* After confirming the offense level, criminal history category and sentencing range were correct, the Court heard the government's motion for downward departure to a 90 month sentence. *Id.*, pp. 11-12.

Ramos pled true to the allegations for revocation of his supervised release. *Id.*, p. 13-14. The Probation Officer recommended a 24 month sentence on revocation, consecutive to the sentence in the present case. *Id.*, p. 14. Defense counsel recommended to the Court that Ramos be sentenced to the minimum and that his sentences run concurrently,

> MR. GRANBERRY: I would just ask, Your Honor, and I think that after we've had our chance to speak, I'd ask that it run concurrently with the time that he's sentenced to in the 2011 case.
> MR. GRANBERRY: In the supervised release case, whatever the minimum is.

*Id.*, pp. 14-15. Counsel argued that Ramos was a hard-working, devoted family man and that his criminal history was minor other than his previous marijuana charge. The Court granted the government's motion for downward departure to 85 months, to be followed by five years supervised release. *Id.*, p. 24. The Court revoked Ramos' supervised release and sentenced him to 24 months consecutive to his other sentence, but with no further supervised release. *Id.*, p. 25. The Court advised Ramos he had the right to appeal in each case, that he had already qualified for appointed counsel and did not need to re-qualify, and if he wished to appeal, he must file a notice of appeal within 14 days in each case. *Id.*

After the conclusion of sentencing, court resumed approximately 10 minutes later. The Court vacated its sentence in this case and heard further argument from defense counsel that Ramos was incarcerated at Coastal Bend Detention Center for 22 months which is more onerous than Bureau of Prison facilities. The Court considered the argument and further reduced Ramos' sentence from 85 months to 79 months with no change in the revocation sentence. *Id.*, pp. 26-29.

Ramos filed a late notice of appeal and the Court granted him an extension of time. D.E. 121, 129. Ramos was appointed new appellate counsel, transcripts were ordered, and the electronic record on appeal was certified to the Fifth Circuit Court of Appeals. D.E. 137, 138.

Ramos subsequently filed a motion to dismiss his appeal that was granted by the Fifth Circuit in October 2014. D.E. 151. Ramos timely filed the present motion.

### III.  MOVANT'S ALLEGATIONS

Ramos raises two claims of ineffective assistance of counsel: First, counsel failed to perfect appeal after Ramos instructed him to appeal and second, counsel failed to argue that his sentences should run concurrently.

### IV.  ANALYSIS

**A.**    **28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.**    **Ineffective Assistance of Counsel**

1.  *Standard for ineffective assistance of counsel*

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's

performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under *Strickland*, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Herrera*, 412 F.3d 577, 581 (5th Cir. 2005).

If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

On a claim that counsel failed to file a notice of appeal after being instructed to do so, the inquiry is different. If a defendant requests that counsel file a notice of appeal, counsel's failure to do so constitutes ineffective assistance even without a showing that the appeal would be meritorious. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477, 486 (2000); *cf. United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

2. *Counsel's failure to argue for concurrent sentences*

Ramos claims that his counsel failed to argue that his sentences should be run concurrently and counsel's failure to do so constituted ineffective assistance of counsel. The record flatly contradicts Ramos' claim. Counsel argued for concurrent sentences, but the Court did not grant the request. *See* D.E. 145, pp. 14-15.

### 3. *Counsel's failure to file a requested notice of appeal*

Next, Ramos complains that counsel failed to file a notice of appeal after Ramos instructed counsel to do so. Although counsel, did not file a notice of appeal, Ramos filed his own *pro se* motion and the Court granted him an extension of time. As a result, Ramos' right to appeal his conviction and sentence was preserved. Although counsel who disregards his client's instructions to file a notice of appeal performs deficiently, Ramos must also show prejudice from counsel's deficient performance.

"[W]e hold that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Roe*, 528 U.S. at 484. In this case, no prejudice from counsel's failure to file a notice of appeal is shown because Ramos was afforded the opportunity to appeal.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Ramos has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Ramos cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## VI. CONCLUSION

For the foregoing reasons, Ramos' motion (D.E. 152) is DISMISSED pursuant to Rule 4(b) and he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 24th day of March, 2015.

Janis Graham Jack
Senior United States District Judge